### 31102.  DORSEY *v.* THE STATE.

GARDNER, J.  The evidence shows that the defendant was in possession of eighteen gallons of non-tax-paid whisky. The contraband liquors were found in his .chicken house.  The officers began to search elsewhere, and the defendant informed them that the amount which they had found was all that he possessed, and the reason that this amount had not been sold was that it had turpentine in it.  The chicken house was 25 or 30 steps from the defendant's back door.  The officers further testified that some time in the spring of last year the defendant was found in the possession of 1000 gallons of liquor, non-tax-paid.  He pleaded guilty to this offense last August.

The defendant made a statement, in his defense, to the effect that the sheriff approached his home on the date in question and went directly to where the whisky was located.  The sheriff inquired of the defendant as to whose whisky it was, and the defendant admitted it was his to keep from involving the whole "push."

In rebuttal, the State introduced testimony to the effect that the officer made an investigation on the day before the trial of a still located in Fayette County, and while on the premises of the still saw the defendant traveling in a 1936 Ford car with a woman.  He did not know if this was the defendant's wife.  It was between 10 and 11 o'clock of the morning before the trial.  The officer found sugar spilled in the back of the automobile of the defendant and a substance which looked like syrup.  The officer also found about eight sixty-pound bags of

sugar and about eight five-pound bags. He inquired of the defendant concerning the sugar and the syrup in the car, and the defendant said that he had been to the grocery store.

The only assignment of error which is argued here is that the court, over objections, admitted the evidence concerning the large quantity of sugar, and the evidences of syrup in the car of the defendant at the premises of the still on the day before the trial. Under the evidence, this gives no reason why this case should be reversed. In a review of this record, if the purpose is for anything except delay, we can not detect it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 5, 1945.

*Frank A. Bowers, Frank T. Grizzard, James R. Venable,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.